O/JS-6 ENTER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO V. MONTANO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DARREL ADAMS, *et al.*,<br><br>　　　　Defendants. | Case No. CV 14-0323 MMM (JCG)<br><br>**MEMORANDUM AND ORDER TRANSFERRING ACTION TO THE EASTERN DISTRICT OF CALIFORNIA** |

## I.

## **PROCEEDINGS**

On January 13, 2014, plaintiff Antonio V. Montano ("Plaintiff"), a California prisoner proceeding *pro se*, lodged a civil rights complaint ("Complaint") pursuant to 42 U.S.C. § 1983. (Compl. at 1, 7.)

Therein, Plaintiff essentially alleges that several prison officials recklessly and unlawfully facilitated his transfer from Corcoran State Prison to Avenal State Prison, "a contaminated facility" where Plaintiff contracted Coccidioidomycosis or "Valley Fever." (*Id.* at 3-4, 7-8.)

Both Corcoran and Avenal State Prisons are located in Kings County, California.

## II.

## **DISCUSSION**

As a rule, proper venue over a civil rights action lies only in: (1) a judicial district where any defendant resides, if all defendants reside in the same state; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurs, or a substantial part of the property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b).

Importantly, venue may be raised by the Court *sua sponte*. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). If the Court determines that venue is improper, the Court may either dismiss the action or, in the interest of justice, transfer the action to any district in which it could have been properly brought. 28 U.S.C. § 1406(a); *Dist. No. 1, Pac. Coast Dist. v. State of Alaska*, 682 F.2d 797, 799 (9th Cir. 1982). Even if the Court determines that venue may be proper, the Court may still, in the interest of justice, transfer the action for the convenience of the parties and witnesses. 28 U.S.C. § 1404(a). In either event, the decision to transfer rests within the sound discretion of the Court. *King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992) (*per curiam*).

Here, "a substantial part of the events or omissions giving rise to the claim[s] occurred" at Corcoran and Avenal State Prisons, in Kings County, California. (*See* Compl. at 2-12); 28 U.S.C. § 1391(b). In fact, Plaintiff specifically affirms that "[t]he events giving rise to the alleged claims against [all] Defendants . . . arose in Kings County[.]" (Compl. at 8.) And, according to the Complaint, all Defendants work in Corcoran, Avenal, or Sacramento (*i.e.*, Kings or Sacramento County). (*Id.* at 3-4.)

Significantly, none of Defendants' conduct is alleged to have occurred within the geographical jurisdiction of the Central District. *See* 28 U.S.C. § 84(c) (delineating the seven counties comprising the Central District). Nor is any Defendant alleged to reside in the Central District. (*See* Compl. at 3-4); *cf. Muenzberg v. Barnes*,

1998 WL 61207, at *1 (N.D. Cal. Feb. 5, 1998) (holding that state officials "must be deemed to reside at the place where they perform their official duties").

Thus, the Central District is *not* the proper venue for Plaintiff's action. Rather, the proper venue is the Eastern District of California ("Eastern District"), which has jurisdiction over both Kings and Sacramento Counties. 28 U.S.C. § 84(b).

Moreover, the Eastern District appears to be the superior venue to advance the interest of justice in this case. Specifically, the Eastern District would prove more convenient for the parties and witnesses, both of which are presumably located in either Kings or Sacramento County. *See* 28 U.S.C. § 1404(a). Further, the Eastern District would allow for ease of access to the relevant evidence, if any, such as Corcoran and Avenal State Prison records. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). And, to the extent injunctive relief may be warranted, as Plaintiff appears to suggest, the Eastern District would be more closely situated to Corcoran and Avenal State Prisons, and thus better able to monitor compliance. (*See* Compl. at 12); *see also Jones*, 211 F.3d at 498-99.

Accordingly, in the exercise of its discretion, the Court finds that Plaintiff's *pro se* action should be transferred to the Eastern District to advance the interest of justice.

## III.
## ORDER

**IT IS THEREFORE ORDERED** that, in the interest of justice, this action is **HEREBY TRANSFERRED** to the United States District Court for the Eastern District of California. The Clerk shall effect such transfer forthwith and notify Plaintiff.

DATED: March 23, 2015

_____
HON. MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE